# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| EDUARDO ECHEVARRIA GONZALEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FOLKSTON INCE PROCESSING CENTER, et al.,<br><br>Respondents. | 5:25-cv-94 |

## ORDER

The Magistrate Judge issued a Report and Recommendation for the Court to grant in part and deny in part Respondents' Motion to Dismiss and to grant in part and deny in part Petitioner Eduardo Gonzalez's ("Gonzalez") Amended Petition based on 28 U.S.C. § 2241. Dkt. No. 29. Respondents and Gonzalez filed Objections to the Report and Recommendation. Dkt. Nos. 34, 35, 36. Gonzalez also filed a Motion for Leave to File and to Supplement, dkt. no. 31, which I **GRANT**. I have considered relevant arguments contained in Gonzalez's most recent filing.

For the following reasons, the Court **OVERRULES** Respondents' Objections and **OVERRULES** Gonzalez's Objections. I **CONCUR WITH** and **ADOPT** the Magistrate Judge's Report and Recommendation. As a result, I **GRANT in part** and **DENY in part** Respondents' Motion to Dismiss and **GRANT in part** and **DENY in part** Gonzalez's Amended Petition. Dkt. Nos. 10, 24. Respondents have now cured any

procedural defect present in the termination of Gonzalez's parole. Therefore, I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Gonzalez leave to appeal *in forma pauperis*.

## I. The Magistrate Judge's Conclusions and Recommendations

The Magistrate Judge determines that Gonzalez cannot challenge the Attorney General's discretionary decisions to invoke 8 U.S.C. § 1225 or to implement the policies underlying that statute. Dkt. No. 29 at 4-6. Likewise, the Magistrate Judge concludes the Court lacks jurisdiction to consider Gonzalez's challenge to his placement in expedited removal proceedings.[1] Id. at 4-11. However, the Magistrate Judge determines that the Court has jurisdiction to consider Gonzalez's claim that his parole was unlawfully revoked, in violation of the applicable statutes and Regulations. Id. at 13-19. After evaluating jurisdiction, the Magistrate Judge concludes that Respondents did not validly revoke Gonzalez's parole before arresting and detaining him because Respondents did not provide Gonzalez with notice and a finding by a Department of Homeland Security ("DHS") official. Id. at 17-19. The Magistrate Judge recommends that Respondents demonstrate full compliance with the applicable statutes and regulations or release Gonzalez subject to the same conditions under which he was paroled. Id. at 19.

[1] Notably, Gonzalez does not object to this conclusion.

**II. Respondents' Partial Objections**

In their Objections, Respondents state that a procedural defect in the revocation of Gonzalez's parole does not justify habeas corpus relief and, regardless, any defect has now been corrected. Dkt. No. 34 at 2–3. Respondents assert that the Magistrate Judge's conclusion that they were required to provide Gonzalez with at least "those procedures contained in the applicable statutes and regulations[,]" particularly 8 C.F.R. § 212.5(e)(2), conflicts with Eleventh Circuit Court of Appeals' decisions regarding due process rights of paroled aliens. Id. at 3, 5 (quoting Dkt. No. 29 at 14–15). In addition, Respondents state that, even if the Court finds due process requires "strict adherence" to § 212.5(e)(2), it should reject the conclusion that Gonzalez is entitled to an opportunity to be heard. Id. at 5 (citing Dkt. No. 29 at 18).

Respondents also assert any alleged violation of the Regulation would not entitle Gonzalez to release and this deficiency has been remedied since the Magistrate Judge issued the Report and Recommendation; thus, there is no due process violation. Id. at 7. Respondents contend that the Magistrate Judge correctly recognizes that this Court cannot review discretionary determinations, but that the Magistrate Judge incorrectly concludes that Gonzalez's challenge to his parole revocation is cognizable in habeas. Id. at 8. Moreover, Respondents state that

Gonzalez's parole automatically terminated on January 21, 2026 (which is after the Petition and the Motion to Dismiss were filed). Respondents contend the automatic termination is an undisputed and legitimate basis for his detention, even if the Court concludes Gonzalez's parole was not properly revoked in June 2025. Id. at 9, 10.

Finally, Respondents express uncertainty about the precise relief the Magistrate Judge recommends for Gonzalez. Respondents are unsure if they can cure the failure to comply with § 212.5(e)(2), *nunc pro tunc*, or whether Respondents must present evidence that they complied with § 212.5(e)(2) at the time Gonzalez was detained. If the latter, Respondents suggest that Gonzalez's detention would be unlawful even with subsequent compliance with Regulations. Id. at 11.

I address Respondents' Objections in reverse order. First, the Magistrate Judge allows for Respondents to *either* show they have complied with applicable statutes and regulations regarding the revocation of Gonzalez's parole *or* release Gonzalez under the same conditions of his parole. Dkt. No. 29. Respondents have now shown their compliance with § 212.5(e) as of July 22, 2026. See Dkt. No. 34-1 (Ltr. from Nicolas Jimenez, a Deputy Field Officer Director, stating that Gonzalez's parole "has served its purpose and there is no public benefit or humanitarian reason" warranting his continued presence or parole in the United States and that

Gonzalez's parole was terminated by operation of § 212.5(e) when it expired on January 21, 2026). Because Respondents have shown compliance with the applicable regulation, they have complied with the first option the Magistrate Judge presents—even before such compliance was required—and there is no basis for Gonzalez's release from detention at this time. To the extent Respondents object to the alternative forms of relief the Magistrate Judge recommends, I overrule the Objection.[2]

Second, Respondents argue that the Magistrate Judge fails to recognize that any claims regarding the revocation process are not cognizable in habeas. The Magistrate Judge correctly observes that the record before the Court shows Respondents did not follow the statutory and regulatory requirements in revoking Gonzalez's parole before they arrested him and placed him into custody. Dkt. No. 29 at 17. These violations are within the Court's authority to review in a habeas corpus proceeding under 28 U.S.C. § 2241(c)(3), which allows habeas relief for a person "in custody in violation of the Constitution or law or treaties of the United States[.]" Although Respondents have now rectified their violation, Respondents committed the violation when they revoked Gonzalez's parole in June 2025 and the violation had not been cured

[2] To the extent Respondents seek clarification about the form of relief the Magistrate Judge recommends, it is clear to the undersigned that the Magistrate Judge recommends that Respondents be allowed to cure the defective revocation within seven days of any order ruling on the Petition. Respondents have cured the defective revocation prior to this Order, which resolves the issue. Further clarification is unnecessary.

by the time Gonzalez filed his Petition in August 2025. Respondents have not shown that the Magistrate Judge committed any error in considering Petitioner's challenge to the revocation of parole. The Court overrules this Objection.

Finally, Respondents are correct in stating that compliance with § 212.5(e) does not require Gonzalez have an opportunity to be heard. The regulation at issue, § 212.5(e), does not provide for an opportunity to be heard. But it does not appear that the Magistrate Judge recommends that Respondents provide Gonzalez an opportunity to be heard. Instead, the Magistrate Judge merely describes Gonzalez's contention that he is entitled to an opportunity to be heard and describes caselaw related to due process claims. See Dkt. No. 29 at 2 (quoting Dkt. No. 10 at 22 (Gonzalez stating that "placement in expedited removal proceedings without notice or opportunity to be heard constituted a gross violation of due process.")); id. at 8, 13 (same); see also id. at 14 (observing "procedural due process required 'the opportunity to be heard . . . .'" (quoting Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). The Magistrate Judge only expressly recommends that Respondents demonstrate "full compliance with all applicable regulations and statutes." Id. at 1. The Magistrate Judge does not include a recommendation that Respondents give Gonzalez an opportunity to be heard. Consequently, I overrule this Objection.

**III. Gonzalez's Supplement and Objections**

In his Supplement, Gonzalez states that Respondents' July 22, 2026 letter regarding revocation of parole, issued after the Report and Recommendation, "appears to be an improper attempt to circumvent the Magistrate Judge's findings, create an after-the-fact paper record to cure the procedural defects [the Magistrate Judge identifies] in the [Report and Recommendation], and potentially moot this habeas petition before" I have a chance to rule. Dkt. No. 31 at 2. Gonzalez asks, among other things, for the Court to: (1) decline to treat Respondents' "unilateral post-[Report and Recommendation] action as mooting the petition"; (2) deem the July 22, 2026 letter "insufficient to 'cure' the ongoing constitutional violation he has suffered"; and (3) order "Gonzale[z] released immediately, as no other remedy may cure . . . Respondents' defect." Id. at 2–3.

In his Objections, Gonzalez asserts that the Magistrate Judge's proposed remedy is not sufficient to cure the constitutional violation that occurred and continues to occur with ongoing unlawful detention. Dkt. No. 35 at 2. Gonzalez also asserts that Respondents' retroactive parole termination serves to show why a "post-hoc paper remedy cannot cure the due process violation." Id.; Dkt. No. 36 at 3. According to Gonzalez, § 212.5(e)(2)(i) "contemplates that the [alien] will receive notice *before or contemporaneously* with any parole termination . . . ." Dkt. No. 35 at 4. Thus, Gonzalez objects to the

Magistrate Judge's recommended remedy and states "immediate release is the only appropriate remedy for the procedural due process violation" the Magistrate Judge identifies. Id. at 3–5.

Gonzalez has not shown that release from detention is the appropriate remedy for a violation of Section 212.5(e)(2)(i). While release may be a common remedy for a meritorious habeas petition, release is not the only remedy. See Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 137 (2020) (noting that the Court has "reaffirmed that release is the habeas remedy though not the 'exclusive' result of every writ, given that is often 'appropriate' to allow the executive to cure defects in a detention." (citing Boumediene v. Bush, 553 U.S. 723, 779 (2008))). Gonzalez does not point to any controlling authority—and the Court is not aware of any—that requires release as the appropriate remedy in a habeas context for violation of a Regulation. Instead, I concur with the Magistrate Judge's recommendation in this case that Respondents should have the opportunity to cure the defect leading to Gonzalez's detention or else release Gonzalez. Respondents have now cured the defective parole revocation and because they have done so, the Court need not and will not order Gonzalez's release.[3] I overrule Gonzalez's Objections.

[3] The Court notes Gonzalez's concern that the July 22, 2026 letter may cause this portion of his Petition to become moot. Dkt. Nos. 31, 35, 36. Gonzalez may be correct on that point, but the point is immaterial. Whether Gonzalez prevails on the merits and Respondents cure the defect (as they have done) or the Court denies this portion of the Petition as

## CONCLUSION

Thus, after an independent and de novo review of the entire record, the Court **OVERRULES** Respondents' Objections and **OVERRULES** Gonzalez's Objections. I **CONCUR WITH** and **ADOPT** the Magistrate Judge's Report and Recommendation. As a result, I **GRANT in part** and **DENY in part** Respondents' Motion to Dismiss and **GRANT in part** and **DENY in part** Gonzalez's Amended Petition. Dkt. Nos. 10, 24. Respondents have now cured any procedural defect present in the termination of Gonzalez's parole. I **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Gonzalez leave to appeal *in forma pauperis*.

**SO ORDERED**, this 28th day of September, 2026.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

moot, the result would be the same. Moreover, Gonzalez's mootness argument only concerns this one narrow portion of his Petition.